UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-20055-CIV-HUCK/SIMONTON

JASPER R. EANES,

   Plaintiff,

v.

BANK OF FLORIDA-SOUTHEAST,

   Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO COMPEL DISCOVERY

Presently pending before the Court is Defendant's Motion To Compel Initial Disclosures, Responses To Defendant's First Set of Interrogatories, and Responses To Defendant's First Request For Production (DE # 8).  These motions are referred to the undersigned Magistrate Judge (DE # 7).  The motion is fully briefed (DE ## 12, 14).  For the reasons stated below, the motion is denied.

   I.  Background

Plaintiff is proceeding on a six-count Amended Complaint filed in Florida state court.  In Count I, Plaintiff alleges a violation of the Age Discrimination in Employment Act, 29 U.S.C. 631 et seq.  Plaintiff also alleges a breach of contract (Count II); a breach of oral contract (Count III); promissory estoppel (Count IV); fraud in the inducement (Count V) and negligent misrepresentation (Count VI) (Ex. 1 to DE # 1).  On January 9, 2008, Defendant removed the case to this Court (DE # 1).

Defendant has filed an Answer and Affirmative Defenses (DE # 2).

The instant motion followed.

   II.  Defendant's Motion To Compel

Defendant moves to compel Plaintiff to produce his initial disclosures, and to

respond to Defendant's interrogatories and requests for production, all due on March 5, 2008, due to extensions of time granted by Defendant.  Defendant further contends that, due to Plaintiff's failure to timely respond to discovery, Plaintiff has waived any objections to Defendant's interrogatories and requests for production, with the exception of those objections based on privilege.  Finally, Defendant moves for monetary sanctions, pursuant to Fed.R.Civ.P. 37(a)(4) (DE # 8).

Plaintiff's counsel asserts that on March 5, 2008, she served initial disclosures on Defendant's counsel (Ex. A to DE # 12).  Further, on March 10, 2008, Plaintiff served his responses to Defendant's interrogatories and Defendant's requests for production (Atts. 1 & 2 to DE # 13).  Plaintiff's counsel also states that the delay in responding to Defendant's discovery and providing Plaintiff's initial disclosures was due to Plaintiff's counsel's relocation to new office space in the last week of February and the first week of March 2008, which included a lack of telephone lines for several days, and the lack of a temporary certificate of occupancy (DE # 12 at 1-3).  Plaintiff's counsel contends that these facts constitute good cause to excuse Plaintiff's untimely service of initial disclosure and discovery responses (DE # 12 at 3-4).  Finally, Plaintiff asks this Court not to award Rule 37 sanctions to Defendant because of the relocation of office space. Plaintiff asserts that Defendant's counsel will have adequate time to prepare for Plaintiff's deposition and to complete discovery (DE # 12 at 3-4).

In reply, Defendant concedes that Plaintiff has provided the requested discovery responses and initial disclosures (DE # 14 at 2-3, para. 7).  However, Defendant contends that Plaintiff should be sanctioned and all objections should be overruled because the move in question was from one floor to another floor of the same building, and because Plaintiff failed to inform Defendant that the discovery responses would be late and did

not request additional time to respond (DE # 14 at 4, para. 6).  Defendant notes that in a prior case in state court involving the same litigants, Plaintiff's case was dismissed for failure to timely comply with discovery.  Defendant states that Plaintiff was not represented by present counsel in that case (DE # 14 at 4, para. 4).

    III.  Analysis

As Defendant concedes that Plaintiff has provided the requested initial disclosures and discovery responses, the motion to compel is denied as moot.

Defendant's requests for Rule 37 sanctions and to overrule all of Plaintiff's objections to discovery not based on privilege are denied.  It would be unjust under the circumstances of this case either to award Rule 37 sanctions or to overrule all of Plaintiff's objections to discovery not based on privilege.[1]  The undersigned notes that this case is set for trial on July 14, 2008, and the discovery cutoff is presently May 27, 2008.  Thus, Defendant should have ample time to complete discovery despite Plaintiff's untimely responses to discovery.  Moreover, the undersigned accepts Plaintiff's counsel's explanation that moving her office made her unable to provide timely discovery responses and finds that these facts constitute good cause to excuse Plaintiff's failure to timely provide discovery responses and initial disclosures.

However, the undersigned also notes that Plaintiff failed to timely comply with discovery in a related Florida state court case, leading to the dismissal of that case.  Therefore, Plaintiff is placed on notice that any further failure to timely comply with discovery may well subject him to sanctions.

---

[1] In any event, Plaintiff made no objections not based upon privilege to Defendant's thirteen interrogatories (Att. 1 to DE # 13), and Plaintiff made only five objections not based on privilege in response to Defendant's eighty-two requests for production (Att. 2 to DE # 13).

3

Therefore, for the reasons stated above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion To Compel Initial Disclosures, Responses To Defendant's First Set of Interrogatories, and Responses To Defendant's First Request For Production (DE # 8), is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida on March 13, 2008.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Paul C. Huck,
    United States District Judge
All counsel of record